Taft, J.,
dissenting. In support of the third paragraph of the syllabus (156 Ohio St., 583) upon which the judgment on rehearing is based, the majority opinion (156 Ohio St., at 589 and 590) relied upon the following portion of Section 5498, General Code:
“In determining the amount or value of intangible property, including capital investments, owned or used in this state by either a domestic or foreign corporation the commission [er] shall be guided by the provisions of Section 5328-1 and 5328-2 of the General Code * * *.” (Emphasis added.)
In quoting from Section 5498, General Code, the majority opinion omitted the following significant language immediately preceding the above-quoted portion. This omitted language reads:
“The commission shall then determine as follows the base upon which the fee provided for in Section 5499 # * * shall be computed. Divide into two equal parts the value as above determined of the issued and outstanding shares of stock of each corporation filing such report. Take one part and multiply by a fraction whose numerator is the fair value of all the corporation’s property owned or used by it in Ohio and whose denominator is the fair value of all its property wheresoever situated in each case eliminating any item of good will; take the other part and multiply by a fraction whose numerator is the value of the business done by the corporation in this state during the year preceding the date of the commencement of its current annual accounting period and whose denominator is the total value of its business during said year wherever transacted.” (Emphasis added.)
It is apparent from the language of the statute quoted above from the majority opinion that the General Assembly has stated that the commissioner is to “be guided by the provisions of Sections 5328-1 and 5328-2” only “in determining the amount or value of *17 intangible property; including capital investments, owned or used in this state” by the corporation.
Nothing in the act requires any such determination except the italicized part of the portion of the statute omitted from the quotation in the majority opinion but quoted above, — that is, where the numerator, and perhaps the denominator, for the fraction involved in the first half of the formula is being determined.
The fractions of that formula are not to be applied against the value of any of the corporation’s property. They are to be applied against “the value as above determined of the issued and outstanding shares of stock” of the corporation. In looking “above” in the statute, we find that that value, “for the purpose of this act * # * shall be deemed to be the total value, as shown by the books of the company of its capital, surplus, whether earned or unearned, undivided profits, and reserves, but exclusive of” certain items. Although provision is made for excluding as one of those items the “amount * * * by which the value of the assets (other than goodwill) * * * as carried on its books exceeds the fair value thereof,” no provision is made for excluding any assets other than the item of goodwill.
This conclusion is fortified by the provisions of Section 5497, General Code, as to the statement of facts to be included in the corporation’s annual report and especially by paragraphs 7, 8 and 9 of that section.